IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:19-CV-63-BO

| | | |
|---|---|---|
| SHAMUS BLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY BOOTH and MAVERICKS POINTE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on a motion (D.E. 26) by defendants Larry Booth ("Booth") and Mavericks Java, LLC d/b/a Mavericks Pointe ("Mavericks Java") (collectively "defendants") to compel the production from plaintiff Shamus Bland ("plaintiff") of supplemental discovery responses served on plaintiff by Booth.[1] The motion is supported by a memorandum (D.E. 27) with exhibits (D.E. 27-1 to 27-8). Plaintiff, who is proceeding pro se, has not filed a response to the motion and the time for doing so has expired. For the reasons and on terms set forth below, the motion will be allowed.

I.      BACKGROUND

This employment discrimination case arises out of plaintiff's claim that defendants wrongfully terminated him because of his race in violation of 42 U.S. § 1981. *See generally* Compl. (D.E. 8). Defendants deny the material allegations in plaintiff's complaint. *See generally* Defs.' Ans. (D.E. 14).

On 22 August 2019, Booth served on plaintiff his first set of discovery requests. Disc. Reqs. (D.E. 27-1). Plaintiff filed verified responses to the discovery requests on 23 September

---

[1] For purposes of its analysis in this Order, the court assumes without deciding that Mavericks Java can properly be a party to the motion even though no discovery requests by it are subject to the motion. But no award of expenses to Mavericks Java will be made absent a showing that it is eligible to receive an award.

2019. Initial Resp. (D.E. 22). According to defendants, plaintiff separately served on them that same day six pages of document production (D.E. 27-2) and two unverified sets of responses. *See* Defs.' Mem. 1-2. The documents produced are a one-page verification of employment form for plaintiff (comprising p. 1 of D.E. 27-2) and court records relating to a no-contact complaint by plaintiff against Booth (comprising pp. 2-6 of D.E. 27-2).

Booth sent plaintiff a letter on 28 October 2019 identifying purported deficiencies in the responses. 28 Oct. 2019 Ltr. (D.E. 27-3). Plaintiff served a supplemental set of discovery responses on 18 November 2019. Supp. Resp. (D.E. 27-4). Defendants allege that the supplemental set of responses to Booth's discovery requests did not rectify the deficiencies in plaintiff's initial set of responses, and after further attempts to confer with plaintiff, filed the instant motion to compel on 4 December 2019. Specifically, the motion to compel seeks supplemental responses to Interrogatories Nos. 14, 15, 17, 19, and 20, and Requests for Production Nos. 1, 4, 6-12, and 14.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents and tangible things. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 33 governs interrogatories. It provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Rule 33 requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. *Id.*(b)(3). Objections not made timely are waived, subject to the court excusing the untimeliness for good cause. *Id.*(b)(4).

Rule 34 governs requests for production of documents and tangible things. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." *Id.* 34(b)(2)(C). Objections not timely asserted are waived. *See, e.g.,*

3

*Frontier-Kemper Constructors, Inc.*, 246 F.R.D. 522, 528 (S.D.W. Va. 2007); *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001).

When a party withholds information on the basis of privilege, including work-product protection, it must expressly assert the privilege objection in response to the particular discovery request involved. Fed. R. Civ. P. 26(b)(5)(A). In addition, the party must serve with its discovery responses a privilege log in conformance with Rule 26(b)(5)(A). *See id.*

Rule 37 allows for the filing of a motion to compel discovery responses. *See id.* 37(a)(3)(B). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c) (E.D.N.C.); *see Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

In addition, Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion

to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III. MERITS OF MOTION

Defendants certified that they attempted to resolve this matter without court intervention in addition to detailing their efforts to resolve the matter. Defs.' Mem. 7-9.[2] The court finds that defendants met their conferral obligations.

Having failed to respond to defendants' motion, plaintiff does not contest the relief defendants seek or the grounds advanced by defendants for it. Irrespective of the unopposed nature of the motion, the court will address each the discovery requests at issue. As indicated below, plaintiff renumbered most of the various interrogatories and production requests in his responses to them, and responded to some in only his supplemental set of responses and to others in both his initial and supplemental sets of responses.

### A. Interrogatories

#### 1. Interrogatory No. 14 (No. 28 in Plaintiff's Responses)

Interrogatory No. 14 seeks the identification of plaintiff's employment history for the previous ten years, including each employer's identity, dates worked, position held, and whether the position was full-time or part-time. Plaintiff provided no answer in his initial set of responses, but in his supplemental set stated: "I cannot give a precise identity of each employer[,] independent contractor, or self-employed individual, date, position, or full time or part time to the best of my knowledge." Supp. Resp. 18 no. 28.

---

[2] Citation to the record is to the page numbers assigned by the court's CM/ECF electronic filing system.

While the court cannot compel a party to provide information not within his possession, custody, or control, the court agrees with defendants that the response by plaintiff is not sufficient. Plaintiff's professed inability to provide "precise" information in response to this interrogatory does not excuse him from providing what information that is within his possession, custody, or control. The information requested is clearly within the applicable scope of discovery. Defendants' motion to compel is therefore ALLOWED as to this interrogatory. Plaintiff is directed to supplement his answer on the terms set forth below.

2. **Interrogatory No. 15 (No. 29 in Plaintiff's Responses)**

Interrogatory No. 15 seeks the identification of all compensation received for any work performed within the last ten years, as identified by plaintiff in the previous interrogatory. Plaintiff answered, for the first time, in his supplemental set of responses as follows: "This information, I will need more time to make available. I can not answer this to the best of my knowledge." Supp. Resp. 18 no. 29.

While it is understandable that plaintiff could require substantial time to compile the requested information, he has already had substantial time—about five months from the original date of service of the interrogatories, 22 August 2019, and about two months from the date of service of his supplemental responses, 18 November 2019. He has not justified the need for additional time. The information sought is within the applicable scope of discovery. Defendants' motion to compel is accordingly ALLOWED as to this interrogatory. Plaintiff is directed to supplement his answer on the terms set forth below.

### 3. Interrogatory No. 17 (No. 31 in Plaintiff's Responses)

Interrogatory No. 17 seeks the identification of all persons or entities for whom plaintiff has sought work since ending his employment with defendants, including the dates plaintiff contacted the person or entity and the type of work inquired about. Plaintiff answered, for the first time, in his supplemental set of responses by stating: "I have been self-employed, and now I am working as a cook at a major restaurant at Sunset Beach." Supp. Resp. 19 no. 31.

This response is insufficient on its face. The purported fact that defendant was self-employed for a period is not responsive to the request for information about efforts plaintiff undertook to obtain employment. While plaintiff would necessarily have had to seek employment with the restaurant he describes as his current employer, this is only one entity among others with which he may have sought employment and the information he provides about it is unduly vague. This restaurant could be the employer listed on the employment verification form he produced, but he does not state so. The information sought in this interrogatory is within the applicable scope of discovery. Defendants' motion to compel is therefore ALLOWED as to this interrogatory. Plaintiff is directed to supplement his answer on the terms set forth below.

### 4. Interrogatory No. 19 (No. 33 in Plaintiff's Responses)

Interrogatory No. 19 asks plaintiff to specify for each element of damages described in response to Interrogatory No. 18 how the dollar amount was calculated and by whom, as well to identify any documents referring to, reflecting, or relating to the calculation or summarization of each element of damages. Plaintiff described 16 separate elements of damages in his answer to Interrogatory No. 18, which he renumbered No. 32, in both his initial and supplemental sets of discovery responses. Initial Resp. 20-21 no. 32; Supp. Resp. 20-22 no. 32. Plaintiff answered

7

Interrogatory No. 19, for the first time, in his supplemental set of responses by stating: "Self-explanatory just read each item." Supp. Resp. 22 no. 33.

Contrary to plaintiff's assertion, the information sought in Interrogatory No. 19 is plainly not evident from his response to Interrogatory No. 18. While there is an ostensible reference to a document, a "Hospital bill," plaintiff provides no information regarding the bill beyond this cryptic reference and he apparently did not produce any document resembling a hospital bill. The information requested is within the applicable scope of discovery. Defendants' motion to compel is accordingly ALLOWED as to this interrogatory. Plaintiff is directed to supplement his answer on the terms set forth below.

### 5. Interrogatory No. 20 (No. 34 in Plaintiff's Responses)

Interrogatory No. 20 asks plaintiff to identify all crimes of which he has been convicted, including the case name and number corresponding to the conviction. In his initial set of responses, plaintiff stated: "Please check criminal record in Brunswick County or National." Initial Resp. 21-22 no. 34. Plaintiff also provided an answer in his supplemental set of responses that included his one-sentence answer in his initial set: "Please check criminal record in Brunswick County or National. This work should be easy for you to do. I have answer[ed] to the best of my knowledge." Supp. Resp. 22-23 no. 34.

The fact that discoverable information sought in an interrogatory, as here, is or may be available from a third party does not excuse the party to whom the interrogatory is addressed from providing the information. To the extent that plaintiff's statement that he has "answer[ed] to the best of my knowledge" is intended to signify that he himself has no responsive information, it is not credible. Without some clarifying explanation, it is not plausible that a person would himself

have no knowledge of his criminal record. Defendants' motion to compel is therefore ALLOWED as to this interrogatory. Plaintiff is directed to supplement his answer on the terms set forth below.

### B. Requests for Production

#### 1. Request for Production No. 1 (first No. 1 in Plaintiff's Responses)

Request for Production No. 1 seeks the production of all documents referenced in plaintiff's answers to interrogatories or requests for admission. Plaintiff responded in both his initial and supplemental sets of responses: "All communications are document in Interrogatories." Initial Resp. 26 no. 1; Supp. Resp. 27 no. 1.

The meaning of this response is unclear. If plaintiff means that all communications are documented in his interrogatory answers, the response is not responsive to this request which, of course, seeks documents. Further, plaintiff referred to documents in his answers to a number of interrogatories, but has not apparently produced these documents. *See, e.g.*, Supp. Resp. 20-22 no. 32; 22 no. 33. Further, the answers to interrogatories that this Order requires plaintiff to provide may also include references to documents. *See, e.g.*, Interrog. no. 19 (renumbered no. 33 in plaintiff's responses). The documents sought are within the applicable scope of discovery. Defendants' motion to compel is therefore ALLOWED as to this request. Plaintiff is directed to supplement his response on the terms set forth below.

#### 2. Request for Production No. 4 (first No. 4 in Plaintiff's Responses)

Request for Production No. 4 seeks all communications from 1 August 2018 to the present between plaintiff and any third party regarding this litigation or the facts alleged therein. The request then lists 12 matters encompassed by the request. Plaintiff responded in both his initial and supplemental sets of responses: "As the Plaintiff I have answer[ed] to the best of my

knowledge." Initial Resp. 27-28 no. 4 (misdesignating the 12 topics listed in the request as b through m, rather than a through l); Supp. Resp. 28-29 no. 4 (same).

This statement is meaningless because plaintiff has provided no substantive response to this request. The documents requested are within the applicable scope of discovery. Defendants' motion to compel is accordingly ALLOWED as to this request. Plaintiff is directed to supplement his response on the terms set forth below.

### 3. Request for Production No. 6 (second No. 2 in Plaintiff's Responses)

Request for Production No. 6 seeks copies of all grievances, complaints, charges, or notices made by plaintiff to any of the defendants regarding his employment at Mavericks Java. Plaintiff responded in both his initial and supplemental sets of responses: "I was order[ed] off his property, if not he was going to have policemen to move me. I call[ed] back to get my W2's from the establishment and I was told not to call his number anymore. I never got my W2's in time to file." Initial Resp. 29 no. 2; Supp. Resp. 30 no. 2.

Plaintiff's response fails to indicate whether or not any of the documents requested are within his possession, custody, or control and, if any are, whether he will produce them. None of the six documents plaintiff did purportedly produce appear to be responsive to this request. The documents sought are within the applicable scope of discovery. Defendants' motion to compel is therefore ALLOWED as to this request. Plaintiff is directed to supplement his response on the terms set forth below.

### 4. Request for Production No. 7 (second No. 3 in Plaintiff's Responses)

Request for Production No. 7 seeks all documents upon which plaintiff bases his belief that defendants' termination of his employment was related to plaintiff's race. Plaintiff responded in

both his initial and supplemental sets of responses: "Mr. Larry Booth never change[d] from keeping me a Black America[n] in the kitchen and having to knock on the door to get anything to drink and not to go out in the customer area, but all the White America[ns] had freedom to go as they please. That is Force[d] Labor." Initial Resp. 29-30 no. 3; Supp. Resp. 30-31 no. 3.

Plaintiff's response fails to indicate whether or not any of the documents requested are within his possession, custody, or control and, if any are, whether he will produce them. None of the six documents plaintiff did purportedly produce appear to be responsive to this request. The documents sought are within the applicable scope of discovery. Defendants' motion to compel is accordingly ALLOWED as to this request. Plaintiff is directed to supplement his response on the terms set forth below.

### 5. Request for Production No. 8 (second No. 4 in Plaintiff's Responses)

Request for Production No. 8 seeks all documents upon which plaintiff bases his belief that defendants' stated reason for terminating plaintiff's employment—the sale or use of illegal drugs on defendants' property—was pretextual. In both his initial and supplemental sets of responses, plaintiff responded: "The pretext was a reason in justification of a course of action that is not the real reason. That is why Larry Booth said he does not have to give a reason—it's a will to work state." Initial Resp. 30 no. 4; Supp. Resp. 31 no. 4.

Plaintiff's response fails to indicate whether or not any of the documents requested are within his possession, custody, or control and, if any are, whether he will produce them. None of the six documents plaintiff did purportedly produce appear to be responsive to this request. The documents sought are within the applicable scope of discovery. Defendants' motion to compel is

therefore ALLOWED as to this request. Plaintiff is directed to supplement his response on the terms set forth below.

### 6. Request for Production No. 9 (No. 5 in Plaintiff's Responses)

Request for Production No. 9 seeks all documents plaintiff submitted to or received from any person or entity in connection with any investigation into plaintiff's allegations of discrimination by defendants. Plaintiff responded in both his initial and supplemental sets of responses: "Larry Booth stated that he borrows lots of money and could not afford to loss customers, but never through of me losing money, car, home, not paying my loans, not buying a baby seat, changing my family life for a long period of time. That is discrimination." Initial Resp. 30 no. 5; Supp. Resp. 31 no. 5.

Plaintiff's response fails to indicate whether or not any of the documents requested are within his possession, custody, or control and, if any are, whether he will produce them. None of the six documents plaintiff did purportedly produce appear to be responsive to this request. The documents sought are within the applicable scope of discovery. Defendants' motion to compel is accordingly ALLOWED as to this request. Plaintiff is directed to supplement his response on the terms set forth below.

### 7. Request for Production No. 10 (No. 6 in Plaintiff's Responses)

Request for Production No. 10 seeks all diaries, journals, calendars, memos, or other documents containing notes regarding any of the allegations in the complaint. In both his initial and supplemental sets of responses, plaintiff responded: "These circumstances are document[ed] in my head and my family['s] minds on every awakening moment." Initial Resp. 31 no. 6; Supp. Resp. 32 no. 6.

Plaintiff's response fails to indicate whether or not any of the documents requested are within his possession, custody, or control and, if any are, whether he will produce them. None of the six documents plaintiff did purportedly produce appear to be responsive to this request. The documents sought are within the applicable scope of discovery. Defendants' motion to compel is therefore ALLOWED as to this request. Plaintiff is directed to supplement his response on the terms set forth below.

### 8. Request for Production No. 11 (No. 7 in Plaintiff's Responses)

Request for Production No. 11 seeks documents reflecting or referring to plaintiff's efforts to obtain employment from 1 August 2018 to the present, including employment applications and agreements. Plaintiff responded in both his initial and supplemental sets of responses: "My efforts were at the employment Office." Initial Resp. 31 no. 7; Supp. Resp. 32 no. 7.

The employment verification form plaintiff produced is responsive to this request. But his statement that his employment efforts were at an employment office fails to indicate whether there are other responsive documents in his possession, custody, or control and, if so, whether he will produce them. The documents sought are within the applicable scope of discovery. Defendants' motion to compel is accordingly ALLOWED as to this request. Plaintiff is directed to supplement his response on the terms set forth below.

### 9. Request for Production No. 12 (No. 8 in Plaintiff's Responses)

Request for Production No. 12 seeks all documents in any form reflecting any compensation received by plaintiff from 1 August 2018 to the present. In his initial set of responses, plaintiff responded: "See check stub." Initial Resp. 31-32 no. 8. In his supplemental

13

set, plaintiff responded: "See Check stub. There are no bank statements." Supp. Resp. 32-33 no. 8.

The employment verification form plaintiff produced, which gave his then compensation rate, is responsive to this request. But plaintiff's supplemental response to this request, while including more information than his initial response to it, is deficient. He does not identify to which check he refers and has apparently not produced it. The purported fact that there are not bank statements does not preclude the existence of other responsive documents. The documents sought are within the applicable scope of discovery. Defendants' motion to compel is therefore ALLOWED as to this request. Plaintiff is directed to supplement his response on the terms set forth below.

### 10. Request for Production No. 14 (No. 10 in Plaintiff's Responses)

Request for Production No. 14 seeks all documents, communications, and tangible things that represent, reflect, refer, or relate to or substantiate any damages sought by plaintiff in this action, including all documents and tangible things on which plaintiff's computation of damages is based. In his initial set of responses, plaintiff responded: "See the above sheets." Initial Resp. 32 no. 10. In his supplemental set, he responded: "See item number 32 will give you the based damages the above sheets." Supp. Resp. 33 no. 10. As previously discussed,[3] plaintiff's response to renumbered Interrogatory No. 32 (Booth's Interrogatory No. 18) set out 16 separate elements of damages he claims.

Even when considering plaintiff's response to renumbered Interrogatory No. 32, plaintiff's response fails to indicate whether or not any of the documents requested are within his possession,

---

[3] See discussion of plaintiff's answer to interrogatory No. 19 (No. 33 in plaintiff's responses) in section III.A.4 above.

14

custody, or control and, if any are, whether he will produce them. None of the six documents plaintiff did purportedly produce appear to be responsive to this request. The documents sought are within the applicable scope of discovery. Defendants' motion to compel is accordingly ALLOWED as to this request. Plaintiff is directed to supplement his response on the terms set forth below.

## IV. TERMS OF PRODUCTION

### A. Interrogatories

**No later than 18 February 2020, plaintiff shall serve on defendants supplemental answers to Interrogatories Nos. 14, 15, 17, 19, and 20.** The supplemental answers to the interrogatories shall be signed by plaintiff under oath. Immediately above his supplemental answer to each interrogatory, plaintiff shall set out the interrogatory to which the supplemental answer relates.

Plaintiff waived any objections by not asserting them in response to the interrogatories. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause excuses the failure."). Nevertheless, the court will permit him to assert proper claims of privilege (including, *e.g.*, attorney-client privilege, work-product protection) in his supplemental answers to the interrogatories, if applicable. This is the only objection plaintiff may assert. Any claim of privilege shall meet the requirements for the privilege asserted.

Failure by plaintiff to timely serve proper supplemental answers to the interrogatories in accordance with this Order could result in the imposition of sanctions against him, as set forth below.

B.  **Requests for Production**

**No later than 18 February 2020, plaintiff shall serve on defendants supplemental responses to Requests for Production Nos. 1, 4, 6-12, and 14.** The supplemental responses shall meet the requirements of Rule 34(b)(2)(B)-(E) and be duly executed pursuant to Rule 26(g)(1). Immediately above his supplemental response to each request, plaintiff shall set out the request to which the supplemental response relates. Each supplemental response shall identify each document being produced in response to it.

Plaintiff waived any objections to the production requests by his failure to object to them. *See, e.g., Frontier-Kemper,* 246 F.R.D. at 528; *Drexel Heritage Furnishings,* 200 F.R.D. at 255. Nevertheless, the court will permit him to assert proper claims of privilege (including, *e.g.*, attorney-client privilege, work-product protection) in his response to the production requests, if applicable. This is the only objection plaintiff may assert in his supplemental responses. To properly claim a privilege, plaintiff must, in addition to expressly asserting it in response to the particular production request involved, serve with his response a privilege log in conformance with Rule 26(b)(5)(A). Any claim of privilege shall meet the requirements for the privilege asserted. Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.

Plaintiff shall serve with his supplemental responses all responsive documents requested that he has not already produced or that he is properly withholding on the basis of privilege. If a document is responsive to more than one request, he need produce only one copy. But if he is not producing a copy in response to a request on this ground, he shall so state in his supplemental response.

Failure by plaintiff to timely serve proper supplemental responses to the requests for production in accordance with this Order could result in the imposition of sanctions against him, as set forth below.

## V. SANCTIONS NOTICE

As noted, failure by plaintiff to timely comply with this Order may result in the imposition of sanctions against him. These sanctions may include, but are not limited to: (1) directing that the matters embraced in this Order or other designated facts be taken as established for purposes of the action as defendants claim; (2) prohibiting plaintiff from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until this Order is obeyed; (5) dismissing this case in whole or in part; and/or (6) treating as contempt of court the failure to obey this Order. Fed. R. Civ. P. 37(b)(2)(A).

## VI. EXPENSES

The court finds that Booth has made a prima facie case that he should be awarded his attorney's fees and other expenses incurred on the motion to compel. Mavericks Java has as well, assuming it is eligible for an award. Both defendants made a good faith effort to resolve the discovery disputes at issue before filing the motion to compel, plaintiff failed without any adequate justification to respond fully to the discovery requests as required by the Federal Civil Rules, and the court is allowing all the production of information, documents, and other things sought in the motion, subject to the proper assertion of privilege objections by plaintiff. Before making a final determination on the award of expenses, the court will provide plaintiff, as well as defendants, additional time to be heard with respect to an award.

Accordingly, defendants shall file by 3 February 2020 an affidavit setting out the reasonable attorney's fees and other expenses they claim, along with a supporting memorandum and any other supporting documents. The affidavit shall identify the portion of the fees and other expenses claimed that were incurred by Mavericks Java, and the memorandum shall address, with citation to applicable legal authority, Mavericks Java's eligibility for an award of expenses even though no discovery requests by it are subject to the motion.

**Plaintiff may file a response to defendants' filings no later than 18 February 2020.** He may address in his response not only the reasonableness of the expenses claimed by defendants, but also any grounds upon which he contends expenses should not be awarded against him, including any alleged ineligibility of Mavericks Java for an award. The response may be supported by other documents as appropriate. If plaintiff does not file a response by that date, the court will deem him to have no objection to the fees and other expenses claimed by defendants. After the filing of all submissions, the court will enter an order on the award of expenses.

## VII. CONCLUSION

In summary, for the reasons and on the terms set forth above, IT IS ORDERED as follows:

1. Defendants' motion to compel (D.E. 26) is ALLOWED.

2. Any award of expenses shall be subject to further briefing.

SO ORDERED, this 27th day of January 2020.

James E. Gates
United States Magistrate Judge