IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-cv-63-BO

| | | |
|---|---|---|
| SHAMUS BLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY BOOTH and | ) | |
| MAVERICKS POINTE, | ) | |
| | ) | |
| Defendants. | ) | |

This cause is before the Court on defendants' motions [DE 28, 38] to dismiss this action due to plaintiff's failure to prosecute. For the reasons discussed below, the motions are granted.

## BACKGROUND

Plaintiff filed this *pro se* action in March 2019 alleging that he was fired on account of his race. Defendants filed an answer denying the relevant facts alleged in the complaint. The Court's scheduling order set April 1, 2020 as the deadline for discovery.

Defendants' first motion to dismiss for failure to prosecute was filed on January 16, 2020, after plaintiff failed to show up to his December 20, 2019 deposition. Plaintiff made no effort to notify defense counsel of his non-attendance and did not attempt to reschedule. This absence was consistent with a larger pattern of plaintiff failing to fully participate in the discovery process and meet his discovery obligations. Prior to the motion to dismiss, defendants had filed a motion to compel discovery responses, which the Court granted on January 27. Defendants filed a second motion to dismiss for failure to prosecute on March 4, 2020 after plaintiff failed to comply with the Court's January 27 order granting defendants' motion to compel. The Court's order compelling discovery specifically stated that failure to comply could result in dismissal of the case.

Plaintiff has filed two motions with the Court. In February, he filed a document titled "Request to be paid" which appears to be an invoice to defendants and their attorneys for $295,600. Then, in April, plaintiff filed a motion asking the Court to dismiss his case without prejudice.

## DISCUSSION

Defendants move for dismissal under Federal Rules of Civil Procedure 37 and 41. Rule 37 provides that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Rule 37 then provides a list of possible sanctions, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Riggins v. Steel Techs.*, 48 F. App'x 460, 462 (4th Cir. 2002) ("Rule 37 permits a court to impose sanctions, including dismissal of a case with prejudice, if a party fails to comply with a discovery order."). Rule 41 states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Prior to dismissing an action for failure to prosecute, a court must consider (1) whether there has been bad faith on the part of the non-complying party, (2) the amount of prejudice the non-compliance has caused the other party, (3) the need for deterrence of this sort of non-compliance, and (4) whether less drastic sanctions would be effective. *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990); *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). The Court finds that dismissal with prejudice is warranted here.

First, plaintiff's non-compliance has been intentional and in bad faith. Plaintiff specifically states that he was aware of the scheduled deposition but chose not to attend because he felt personal

2

animosity towards defense counsel. *See* DE 41 at 1. The record also makes clear that when defendants' lawyers were attempting to schedule the deposition, plaintiff avoided their communications. DE 29-1 through 29-5; DE 36-1. With respect to the Court's January 27 order, plaintiff is clearly aware that his discovery responses are insufficient but has made no additional efforts to provide more thorough responses that comply with the Court's order. DE 39-2; DE 41 at 7.

Second, plaintiff's non-compliance has prejudiced defendants. Defendants' lawyers have spent a year attempting to conduct discovery with an opposing party who has repeatedly shown little interest in seriously participating in his own case. Plaintiff failed to make initial disclosures, then failed to attend his deposition, then failed to provide adequate discovery responses. Defendants' attorneys have expended time and effort preparing and traveling to a deposition that never occurred, filing a motion to compel discovery responses, and attempting to communicate with a generally non-responsive opposing party.

Third, the Court finds that the need for deterrence is high. Plaintiff filed a lawsuit and then refused to fully participate in it, despite having caused defendants to hire counsel and respond to his suit. Then, after a year of avoiding discovery obligations, plaintiff filed a motion to dismiss his suit *without prejudice*. The need to deter such conduct is obvious.

Finally, the Court finds that dismissal is appropriate and a less drastic sanction is insufficient. Plaintiff has moved to dismiss his own suit, indicating his lack of interest in continuing this case. Anything short of complete dismissal would be inadequate.

Where, as here, an action is dismissed under Rule 37(b)(2), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or

3

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(2)(C). The Court finds that dismissal is a sufficient sanction. The Court has already awarded defendants expenses with respect to their motion to compel. Plaintiff petitioned to proceed *in forma pauperis* and the Court found that he had demonstrated an inability to prepay the required court costs. Considering plaintiff's financial position, the Court believes that an additional award of expenses would be unjust.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss for failure to prosecute [DE 28, 38] are GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE. Plaintiff's motions [DE 35, 44] are DENIED. The Clerk is DIRECTED to close the case.

SO ORDERED, this  20  day of May, 2020.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE